Harold D. AZZARO et al., Plaintiffs,

v.

Thomas A. HARNETT, as Superintendent of Insurance of the State of New York, Defendant.

No. 75 Civ. 3631 (CMM).

United States District Court,
S. D. New York.

June 3, 1976.

Cohen, Weiss & Simon, New York City, for plaintiffs; Samuel J. Cohen, James V. Morgan, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen., New York City, for defendant; Robert S. Hammer, Asst. Atty. Gen., New York City, of counsel.

METZNER, District Judge:

Plaintiffs move for summary judgment in this action for declaratory and injunctive relief. Plaintiffs, trustees of Bakery Drivers Local 802 Pension Fund, seek to enjoin defendant, Superintendent of Insurance of the State of New York, from pursuit of the department's inquiry into the pension benefit status of a pension fund participant. They also seek a declaration of their rights and obligations with respect to the subject matter of this action.

Plaintiffs have refused to supply the requested information on the ground that the

jurisdiction of the New York State Insurance Department has been superseded in this matter by the United States Department of Labor by virtue of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* The act provides for exclusive federal jurisdiction in the area of employee benefit plans with an exception for "any cause of action which arose, or any act or omission which occurred before January 1, 1975." 29 U.S.C. § 1144.

Pursuant to a request by the pension fund participant on March 24, 1975, the Insurance Department inquired of the plaintiffs on April 25, 1975, as to the participant's pension benefit status. When plaintiffs asked the basis of jurisdiction for the department's inquiry, it asserted that inasmuch as most of the member's pension credits were earned prior to January 1, 1975, the New York State Insurance Department was not superseded in this matter by ERISA.

Plaintiffs continue to refuse to supply the requested information. They assert that the April 25, 1975 inquiry was the first occasion upon which they received notice of any possible controversy or dispute over the status of the pension fund member. Plaintiffs assert that if defendant prevails, the New York State Insurance Department would have continuing jurisdiction over claims by all employees who earned pension credits prior to January 1, 1975. Plaintiffs believe that they would then be subject to concurrent state and federal jurisdiction.

No genuine issue of fact exists in this action. The question of whether a state may continue to exercise supervisory jurisdiction over a pension benefit plan is a question of law to be decided by reference to ERISA and to the legislative history of that act.

The relevant statute, Section 514 of ERISA, 29 U.S.C. § 1144, provides:

"(a) Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . .

"(b)(1) This section shall not apply with respect to any cause of action which arose, or any act or omission which occurred, before January 1, 1975."

■ The legislative history of ERISA shows that Congress intended absolute preemption of the field of employee benefit plans. In introducing the conference report on ERISA, Senator Harrison A. Williams, Jr., Chairman of the Senate Committee on Labor and Public Welfare, said:

"It should be stressed that with the narrow exceptions specified in the bill, the substantive and enforcement provisions of the conference substitute are intended to preempt the field for Federal regulations, thus eliminating the threat of conflicting or inconsistent State and local regulation of employee benefit plans. This principle is intended to apply in its broadest sense to all actions of State or local governments, or any instrumentality thereof, which have the force or effect of law." [1974] U.S.Code Cong. & Admin.News pp. 5188–89.

Preemption of the field was intended to provide for uniform regulation of employee benefit plans. The Report of the House Education and Labor Committee states:

"Except where plans are not subject to this Act and in certain other enumerated circumstances, state law is preempted. Because of the interstate character of employee benefit plans, the Committee believes it essential to provide for a uniform source of law in the areas of vesting, funding, insurance and portability standards, for evaluation of fiduciary conduct, and for creating a single reporting and disclosure system in lieu of burdensome multiple reports." [1974] U.S. Code Cong. & Admin.News p. 4655.

■ The purpose of ERISA was to provide for federal regulation of the field with a limited exception to permit an orderly transition from state to federal regulation of employee benefit plans by permitting state agencies to dispose of matters pending

before them prior to the effective date of the new law.

ERISA offers full protection to the employee involved in this matter. The act provides that the administrator of an employee pension benefit plan must furnish to any participant or beneficiary who so requests a statement of his current status which includes the total benefits accrued. 29 U.S.C. § 1025. The Secretary of Labor, as well as participants and beneficiaries, are empowered to bring suit upon a violation of this reporting requirement. 29 U.S.C. § 1132(a)(3), (5). A participant or beneficiary may bring suit to recover benefits due to him under the terms of his plan or to enforce his rights under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). The Secretary of Labor has power to investigate in order to determine whether a violation of the act has occurred. 29 U.S.C. § 1134.

Section 1144(b)(1) is obviously not intended to permit continuing state regulation and investigation based solely upon the fact that pension credits were accumulated prior to January 1, 1975. A contrary result would create a chaotic condition in this field and violate the whole purpose of ERISA.

There is no cause of action arising prior to January 1, 1975 involved in this case. There is no showing of an act or omission by plaintiffs with respect to the Pension Fund member prior to that date. The Insurance Department was seeking to investigate the *present status* of the member who wished to know if he is now credited by his pension plan for a year's employment with another Teamsters' Union as well as for his employment with the Bakery Drivers Union.

In order to prevent this contravention of the purpose of ERISA, the exception to federal regulation provided in Section 1144(b)(1) must be narrowly construed to limit state regulation to what is essentially a cleanup role, that is, to the disposition of causes of action and disputes with respect to employee benefit plans existing before January 1, 1975.

Summary judgment is entered for plaintiffs.

So ordered.