BUCYRUS–ERIE COMPANY, Plaintiff,

v.

The DEPARTMENT OF INDUSTRY, LABOR AND HUMAN RELATIONS OF the STATE OF WISCONSIN, and Virginia Hart, Hugh Henderson, and John Hayon, Commissioners of the Department and Nancy Newbury, Administrator of the Equal Rights Division of the said Department, Defendants.

No. 78–C–99.

United States District Court, E. D. Wisconsin.

July 10, 1978.

---

Edward J. Karlin, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for plaintiff.

David C. Rice, Asst. Atty. Gen., Madison, Wis., for defendants.

## MEMORANDUM AND ORDER

WARREN, District Judge.

This is a civil action filed on February 15, 1978 wherein the plaintiff, Bucyrus-Erie Company (Bucyrus-Erie), seeks to enjoin the defendants, Wisconsin Department of Industry, Labor and Human Relations (DILHR), and five individual state officers from exercising jurisdiction under the Wisconsin Fair Employment Act, Wis.Stats. §§ 111.31, et seq. over a complaint alleging that plaintiff's employee disability benefit plan is sex discriminatory because it fails to provide benefits for pregnancy disability.

Plaintiff contends that the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1101, et seq. and the Commerce Clause of the United States Constitution preempt DILHR's exercise of jurisdiction under the Wisconsin Fair Employment Act.

On April 14, 1978, plaintiff filed a motion to amend its complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. Subsequently, plaintiff filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. These motions are the subject of this memorandum and order.

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires."

In light of the foregoing, the Court finds that plaintiff's motion to amend its complaint must be and is hereby GRANTED.

Before addressing the motion for judgment on the pleadings, a brief review of the facts is necessary.

On July 5, 1973, Martha Wasilik was hired by Bucyrus-Erie as a secretary. On October 10, 1975, she requested a leave of absence due to pregnancy. In accordance with its stated policy, Bucyrus-Erie granted that request.

On September 29, 1975, Ms. Wasilik filed charges with the Equal Employment Opportunity Commission (EEOC), alleging that Bucyrus-Erie's disability policy was sex discriminatory. On October 2, 1975, Ms. Wasilik filed similar charges with the Equal Rights Division of DILHR.

Under the terms of Bucyrus-Erie's Employee Medical Benefits Plan, each employee is granted a limited number of sick days. When an employee is ill and cannot report for work, that employee may utilize a sick day. The company continues to furnish all employee benefits during sick days. When an employee seeks a pregnancy leave, however, Bucyrus-Erie requires that employee to take a leave of absence. Ms. Wasilik's complaint alleged that the company's policy of requiring employees to take a leave of absence for pregnancy, rather than permitting those employees to utilize accumulated sick days, was a form of sex-based discrimination.

A hearing on the complaint was noticed for February 14, 1978. On February 3, 1978, Bucyrus-Erie filed a motion to dismiss the state charge, alleging that state efforts to regulate any facet of Bucyrus-Erie's welfare benefit plan for its employees was expressly preempted by federal law. This motion was denied on February 9, 1978. A motion to stay the February 14, 1978 hearing filed by Bucyrus-Erie was granted.

This action was then commenced on February 15, 1978. Basically, plaintiff's position rests upon two contentions. First, since the state action is an attempt to regulate an employee welfare benefit plan which is otherwise regulated by ERISA, the state is prevented from acting by reason of the broad preemptive provisions contained in ERISA. Secondly, plaintiff contends that to permit the state to act in this case would place an unreasonable burden on interstate commerce.

The basic issue for the Court's consideration is whether or not ERISA and the Commerce Clause of the United States Constitution preempt DILHR's efforts to exercise jurisdiction under the Wisconsin Fair Employment Act over a complaint alleging that plaintiff's employee disability benefit plan discriminates on the basis of sex by failing to provide benefits for pregnancy disability.

Section 1002(1) of 29 U.S.C. provides in relevant part:

(1) The terms 'employee welfare benefit plan' and 'welfare plan' mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services . . .

Section 1144 of 29 U.S.C. provides in relevant part:

(a) Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . .

\*      \*      \*      \*      \*      \*

(d) Nothing in this subchapter shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States . . . or any rule or regulation issued under any such law.

ERISA was enacted to protect employee benefit rights. It sets safeguards for the operation of covered plans and establishes standards for the administration of pension plans in an attempt to minimize terminations of pension plans and losses to beneficiaries. *Nachman Corp. v. Pension Benefit Guaranty Corp.*, 436 F.Supp. 1334 (N.D.Ill. 1977); *see, also, Azzaro v. Harnett*, 414 F.Supp. 473 (S.D.N.Y.1976), *aff'd.*, 553 F.2d 93 (2nd Cir. 1977), *cert. denied*, 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977).

The Wisconsin Fair Employment Act was designed to prevent discrimination in employment. *Wisconsin Telephone Co. v. Department of Industry, Labor and Human Relations,* 68 Wis.2d 345, 227 N.W.2d 634 (1975).

Wis.Stats. § 111.31 sets forth the purpose of the Act:

(3) In the interpretation and application of this subchapter, and otherwise, it is declared to be the public policy of the state to encourage and foster to the fullest extent practicable the employment of all properly qualified persons regardless of their age, race, creed, color, handicap, sex, national origin or ancestry. This subchapter shall be liberally construed for the accomplishment of this purpose.

■ It is well-settled that the question of whether a state statute is invalid under the supremacy clause depends upon the intent of Congress. *Malone v. White Motor Corp.,* 435 U.S. 497, 98 S.Ct. 1185, 55 L.Ed.2d 443 (1978). In *Malone,* the court stated:

· Often Congress does not clearly state in its legislation whether it intends to pre-empt state laws; and in such instances, the courts normally sustain local regulation on the same subject matter unless it conflicts with federal law or would frustrate the federal scheme, or unless the courts discern from the totality of the circumstances that Congress sought to occupy the field to the exclusion of the States. *Ray v. Atlantic Richfield Co.,* 435 U.S. 151, —— [98 S.Ct. 988, ——, 55 L.Ed.2d 179] (1978); *Jones v. Rath Packing Co.,* 430 U.S. 519, 525, 540–541 [97 S.Ct. 1305, 1309, 1316–1317, 51 L.Ed.2d 604] (1977); *Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 230 [67 S.Ct. 1146, 1152, 91 L.Ed. 1447] (1947). 'We cannot declare pre-empted all local regulation that touches or concerns in any way the complex interrelationships between employees, employers and unions; obviously, much of this is left to the state.' *Motor Coach Employees v. Lockridge,* 403 U.S. 274, 289, 91 S.Ct. 1909, 1919, 29 L.Ed.2d 473 (1971).

In *Jones v. Rath Packing Co., supra,* the Supreme Court stated the view on preemption in the following manner:

Where, as here, the field which Congress is said to have pre-empted has been traditionally occupied by the States, *see, e. g.,* U.S.Const., Art. I, § 10; *Patapsco Guano Co. v. North Carolina,* 171 U.S. 345, 358 [18 S.Ct. 862, 867, 43 L.Ed. 191] (1898), 'we start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress.' *Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 230 [67 S.Ct. 1146, 1152, 91 L.Ed. 1447] (1947). This assumption provides assurance that 'the federal-state balance,' *United States v. Bass,* 404 U.S. 336, 349 [92 S.Ct. 515, 523, 30 L.Ed.2d 488] (1971), will not be disturbed unintentionally by Congress or unnecessarily by the courts. But when Congress has 'unmistakably  .  .  . ordained,' *Florida Lime & Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 142 [83 S.Ct. 1210, 1217, 10 L.Ed.2d 248] (1963), that its enactments alone are to regulate a part of commerce, state laws regulating that aspect of commerce must fall.

■ From these decisions, it is clear that state statutes are presumed to be valid unless Congress clearly intended these statutes to be superseded by federal law.

The problem in this case is that we are dealing with two laws—one state and one federal—that seek to regulate separate activities although some overlapping areas exist between them.

ERISA deals with employee benefit plans. The Wisconsin Fair Employment Act does not specifically address private employee benefit plans. Rather, this Act is designed to prohibit discrimination in employment and is grounded on the state's police power. It does not impinge on federal regulation of employee benefit plans.

Although § 1144(a) of 29 U.S.C. states that ERISA supersedes state laws relating to employee benefit plans, it does not expressly provide that all state fair employment laws are likewise superseded.

The legislative history of the Act fails to indicate that Congress, by enacting ERISA, intended to preempt state fair employment laws as they may concern employee benefit plans.

Section 1144(d) does, in fact, provide that ERISA shall not be construed to alter, modify or supersede any law of the United States.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended, expressly preserves state laws such as the Wisconsin Fair Employment Act which are designed to prohibit employment discrimination. 42 U.S.C. §§ 2000e–7 and 2000h–4.

Title VII specifically provides that no charge may be filed with the EEOC under Title VII until sixty days after proceedings have been commenced under the state employment discrimination law, 42 U.S.C. § 2000e–5(c), 5(d) and 5(e). The EEOC must give substantial weight to state agency findings and orders and must cooperate with such agencies. 42 U.S.C. §§ 2000e–5(b), 2000e–8.

From an examination of the provisions of ERISA and its legislative history, and considering Congress' long-standing recognition of the importance of state employment discrimination laws, this Court finds that it is not clear that Congress intended to preempt the Wisconsin Fair Employment Act insofar as it prohibits sex discrimination in employee benefit plans.

■ Because preemption is not clearly mandated in this Court's opinion, this Court declines to invalidate the Wisconsin Fair Employment Act against a claim of federal preemption grounded on ERISA. To hold otherwise, would also seriously impair the enforcement scheme of Title VII of the Civil Rights Act of 1964.

With respect to plaintiff's commerce clause argument, the court in *Pike v. Bruce Church, Inc.,* 397 U.S. 137, 142, 90 S.Ct. 844, 847, 25 L.Ed.2d 174 (1970) stated:

> Where the statute regulates even-handedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to putative local benefits.

■ The state has a strong local interest in prohibiting employment discrimination. *Colorado Anti-Discrimination Commission v. Continental Air Lines, Inc.,* 372 U.S. 714, 83 S.Ct. 1022, 10 L.Ed.2d 84 (1963). The state's interest in preventing sex discrimination against pregnant women workers is also a legitimate public interest.

■ The burden imposed on interstate commerce in this case is not excessive and is clearly outweighed by the legitimate local public interest in preventing employment discrimination based upon sex. *See, e. g., Walker Mfg. Co. v. Industrial Commission,* 27 Wis.2d 699, 135 N.W.2d 307 (1965).

Based on the foregoing reasoning and analysis, this Court finds that ERISA and the commerce clause of the United States Constitution do not preempt DILHR's exercise of jurisdiction under the Wisconsin Fair Employment Act. The Court finds that the state and federal laws are not in conflict and plaintiff is not entitled to the relief requested in its complaint.

Therefore, this Court hereby orders that this action be DISMISSED.