**BURROUGHS CORPORATION,**
**Plaintiff-Appellee,**

v.

**Werner H. KRAMARSKY, as Commissioner of the New York State Division of Human Rights, Defendant-Appellant.**

**No. 17, Docket 80–7127.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 25, 1980.

Decided May 11, 1981.

Ann Thacher Anderson, Gen. Counsel, State Div. of Human Rights, New York City, for defendant-appellant.

William E. McKnight, Rochester, N. Y. (Robb M. Jones, Nixon, Hargrave, Devans & Doyle, Rochester, N. Y., on the brief), for plaintiff-appellee.

Before MOORE and KEARSE, Circuit Judges, and TENNEY, District Judge.*

KEARSE, Circuit Judge:

This is one of three unconsolidated cases argued together on appeal. Also argued were *Delta Air Lines, Inc. v. Kramarsky*, 650 F.2d 1287 (2 Cir.) (*"Delta"*) and *Metropolitan Life Insurance Company v. Kramarsky*, 650 F.2d 1309 (2 Cir.). The plaintiff here is an employer which maintains an employee benefit plan that is subject to federal regulation under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* (1976). Plaintiff is also subject to New York's Human Rights Law, N.Y. Exec. Law § 296 (McKinney 1972 & Supp. 1980–1981) ("HRL"). HRL requires that disability benefit plans such as plaintiff's provide benefits for disabilities related to pregnancy on the same basis as for other disabilities. Plaintiff's plan excludes disabilities related to pregnancy.

---

Plaintiff commenced the present action in the United States District Court for the Western District of New York, seeking declaratory and injunctive relief against enforcement of the HRL on the ground that § 514(a) of ERISA provides that ERISA preempts laws such as the HRL. Plaintiff also sued under 42 U.S.C. § 1983, contending that defendant had persistently denied it an opportunity to be heard on its ERISA argument, in violation of the Due Process Clause of the Fourteenth Amendment.

Relying on *Pervel Industries, Inc. v. Connecticut Comm'n on Human Rights & Opportunities*, 468 F.Supp. 490 (D.Conn.1978), aff'd mem., 603 F.2d 214 (2d Cir. 1979), *cert. denied*, 444 U.S. 1031, 100 S.Ct. 701, 62 L.Ed.2d 667 (1980), in which this Court affirmed by summary order a ruling that ERISA § 514(a) preempted a Connecticut statute similar to the HRL, the district court enjoined enforcement of the HRL with respect to plaintiff's employee benefit plans. The court did not reach plaintiff's claim under § 1983.

For the reasons discussed in our decision today in *Delta*, plaintiff's claim that ERISA preempts the HRL is untenable in light of the Supreme Court's action in *Minnesota Mining & Manufacturing Co. v. Minnesota*, 444 U.S. 1041, 100 S.Ct. 725, 62 L.Ed.2d 726 (1980). We therefore reverse the injunction of the district court. Since the court did not rule on the § 1983 claim, we remand for whatever further consideration plaintiff may seek.

Reversed and remanded.