**METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff-Appellee,**

v.

**Werner H. KRAMARSKY, as Commissioner of the New York State Division of Human Rights, the New York State Division of Human Rights, and the New York State Human Rights Appeal Board, Defendants-Appellants.**

No. 19, Docket 80–7185.

United States Court of Appeals, Second Circuit.

Argued Sept. 25, 1980.

Decided May 11, 1981.

Ann Thacher Anderson, Gen. Counsel, State Div. of Human Rights, New York City, for defendants-appellants.

**1310**

Jeffrey A. Mishkin, New York City (Jeffrey D. Fields, Proskauer, Rose, Goetz & Mendelsohn, New York City, on the brief), for plaintiff-appellee.

Before MOORE and KEARSE, Circuit Judges, and TENNEY, District Judge.*

KEARSE, Circuit Judge:

This is one of three unconsolidated cases argued together on appeal. Also argued were *Delta Air Lines, Inc. v. Kramarsky,* 650 F.2d 1287 (2nd Cir.) ("*Delta*"), and *Burroughs Corporation v. Kramarsky,* 650 F.2d 1308 (2nd Cir.). The plaintiff here is an employer which maintains employee benefit plans that are subject to federal regulation under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* (1976). Plaintiff is also subject to New York's Human Rights Law, N.Y. Exec. Law § 296 (McKinney 1972 & Supp. 1980–81) ("HRL"). HRL requires that disability benefit plans such as plaintiff's provide benefits for disabilities related to pregnancy on the same basis as for other disabilities. Plaintiff's plans exclude disabilities related to pregnancy.

Plaintiff commenced the present action in the United States District Court for the Southern District of New York, seeking declaratory and injunctive relief against enforcement of the HRL on the sole ground that § 514(a) of ERISA provides that ERISA preempts state laws such as the HRL. Relying on *Pervel Industries, Inc. v. Connecticut Comm'n on Human Rights & Opportunities,* 468 F.Supp. 490 (D.Conn.1978), aff'd mem., 603 F.2d 214 (2d Cir. 1979), cert. denied, 444 U.S. 1031, 100 S.Ct. 701, 62 L.Ed.2d 667 (1980), in which this Court affirmed by summary order a ruling that ERISA § 514(a) preempted a Connecticut statute similar to the HRL, the district court granted a preliminary injunction against enforcement of the HRL.

For the reasons stated in our opinion in *Delta,* plaintiff's claim is untenable in light of the Supreme Court's action in *Minnesota Mining & Manufacturing Co. v. Minnesota,* 444 U.S. 1041, 100 S.Ct. 725, 62 L.Ed.2d 726 (1980). We therefore reverse, and remand to the district court for dismissal of the complaint.