**AMERICAN PROGRESSIVE LIFE AND HEALTH INSURANCE COMPANY OF NEW YORK, Plaintiff-Appellant,**

v.

**James CORCORAN, as Superintendent of Insurance of the State of New York, Defendant-Appellee.**

**No. 1349, Docket 83–7252.**

United States Court of Appeals, Second Circuit.

Argued May 11, 1983.

Decided Aug. 22, 1983.

Vincent R. Fitzpatrick, Jr., New York City (Dwight A. Healy, Alice K. Jump, White & Case, New York City, of counsel) for plaintiff-appellant.

Richard G. Liskov, Asst. Atty. Gen., New York City (Robert Abrams, Atty. Gen. of the State of N.Y., Melvyn R. Leventhal, Deputy First Asst. Atty. Gen., John M. Far-rar, Asst. Atty. Gen., New York City, of counsel) for defendant-appellee.

Before OAKES, CARDAMONE and PIERCE, Circuit Judges.

CARDAMONE, Circuit Judge:

The case before us presents the sole issue of whether a particular New York State insurance regulation and a report concerning appellant prepared by the State of New York's Insurance Department (Department) constitute state regulation of an employee benefit plan preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1461. We conclude that neither the report nor the regulation are preempted by ERISA.

## BACKGROUND

The facts of this case are not in dispute. American Progressive Life and Health Insurance Company of New York (Company) is licensed by New York to sell accident, health, and life insurance policies. During a three-year period ending on December 31, 1979 the Insurance Department conducted an extensive examination of the Company's organization, operations, and finances. It prepared a report dated March 10, 1981 (Report) detailing the results of its examination. Section 9 of the Report discusses the Company's sales of individual life insurance policies to union-management welfare and pension funds (ERISA plans). The Report criticized the Company's sales of such policies for several reasons. Included among the problems cited was the fact that while the Company had previously assured the Department that it would market the policies only on an individual sales basis, the Company actually mass merchandised the policies. The Report found, moreover, that the compensation paid to the Company's agents in connection with the sale of the policies was excessive and in violation of New York Insurance Regulation 65, 11 N.Y. C.R.R. § 202, which establishes a maximum commission for life insurance salesmen selling on a mass merchandising basis to union-management pension funds. The Report further criticized the Company because the

policies issued had a low cash surrender value in their early years due to excessive selling expenses. Finally, the Report concluded that replacement policies issued to laid-off workers upon their return to work were sold at unreasonably high prices.

In response to this unfavorable report, the Company filed the instant action in the United States District Court for the Southern District of New York seeking declaratory and injunctive relief against James Corcoran, as Superintendent of Insurance of the State of New York (Superintendent). The Company sought a declaration that the Report and Regulation 65 amount to state regulation of ERISA plans and are, therefore, preempted by ERISA. The Company also sought to enjoin the Superintendent from filing the Report for public inspection, taking any action against the Company based on the Report, and enforcing Regulation 65 against the Company. Following the submission of cross-motions for summary judgment, the district court (Gagliardi, J.) granted summary judgment in favor of the Superintendent and dismissed the Company's complaint. In so holding, the district court correctly reasoned that the Report and Regulation 65 are within the insurance exception to ERISA preemption.

## DISCUSSION

On appeal the Company renews its contention that section 9 of the Report and Regulation 65 are not within purview of the insurance exception to ERISA preemption. It argues that while the Report and Regulation 65 ostensibly purport to relate to insurance, they effectively and exclusively regulate employee benefit plans. We disagree with this contention and believe that the Report and Regulation 65 fall squarely within the insurance exception.

■ We turn to the applicable provisions of ERISA. Section 514(a) states that the relevant provisions of the Act "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a) (1976). This broad preemption provision is qualified by a savings clause that provides,

in pertinent part, that "nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance . . . ." *Id.* at § 1144(b)(2)(A) (1976). To prevent evasion by state law of the broad preemption imposed by federal law, section 514(b)(2)(B) states that no employee benefit plan "shall be deemed to be an insurance company . . . for purposes of any law of any State purporting to regulate insurance companies . . . ." 29 U.S.C. § 1144(b)(2)(B) (1976).

Admittedly, as appellant argues, the ERISA preemption provision was designed to have a sweeping preemptive effect in the employee benefit plan field, and the various exceptions to preemption are meant to be "narrow." *Delta Air Lines, Inc. v. Kramarsky,* 650 F.2d 1287, 1304 (2d Cir.), *vacated in part on other grounds,* 666 F.2d 21 (2d Cir.1981), *prob. juris. noted,* 456 U.S. 924, 102 S.Ct. 1968, 72 L.Ed.2d 439 (1982). Thus this Court, for example, has previously struck down, as preempted by ERISA, a state law that required employers to continue making contributions to a fund on behalf of employees receiving workers' compensation benefits. *Stone & Webster Engineering Corp. v. Ilsley,* 690 F.2d 323, 329–30 (2d Cir.1982); *see also Alessi v. Raybestos-Manhattan, Inc.,* 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981) (ERISA preempts state law prohibiting benefit plans from offsetting workers' compensation award against pension benefits); *Kramarsky,* 666 F.2d at 26 (ERISA preempts New York's Human Rights Law to extent that state statute required plans to provide benefits for disability due to pregnancy). None of these cases, upon which appellant relies, deals with the savings clause applicable to insurance that is currently before us.

■ More relevant are the decisions in *Wayne Chemical, Inc. v. Columbus Agency Service Corp.,* 567 F.2d 692 (7th Cir.1977); and *Wadsworth v. Whaland,* 562 F.2d 70 (1st Cir.1977), *cert. denied,* 435 U.S. 980, 98 S.Ct. 1630, 56 L.Ed.2d 72 (1978). In *Wayne Chemical,* the Seventh Circuit held that ERISA did not preempt an Indiana insurance law forbidding the sale of unauthorized

group insurance policies even though, as here, the policies were sold to employee benefit plans. *See* 567 F.2d at 700. ERISA's exemption of pension plans from state regulation did not extend, the court continued, to either insurers who sell to plans or insurance policies purchased by plans. *Id.* Again, in *Wadsworth,* the First Circuit upheld a New Hampshire insurance law which mandated that certain benefits be granted in group insurance policies marketed to employee benefit plans. 562 F.2d at 78. The appellants in *Wadsworth* had challenged the state regulation on grounds similar to those advanced here, i.e., that the regulation of group insurance sold to plans affected the plans that purchased such insurance and it, therefore, fell within ERISA's preemptive ambit. In *Wadsworth* the court rejected this argument, reasoning that it would render the insurance savings proviso of ERISA mere surplusage. *Id.; see also Eversole v. Metropolitan Life Insurance Co.,* 500 F.Supp. 1162, 1169–70 (C.D.Cal. 1980); *Cate v. Blue Cross and Blue Shield of Alabama,* 434 F.Supp. 1187, 1190 (E.D. Tenn.1977).

Here, as in *Wadsworth* and *Wayne Chemical,* the State's purported regulatory actions are not directed at any particular plans or at employee benefit plans in general. Instead, the State of New York is focusing its regulatory power at the business conduct of a company that happens to sell insurance policies to ERISA plans. We recognize that the commission scale established by Regulation 65 may affect indirectly the level of benefits an insurer will provide to beneficiaries of policies governed by that Regulation. Nevertheless, whatever slight effect the Regulation may have on benefits is extrinsic to the aim of the Regulation and so peripheral to ERISA plans that it cannot justifiably be characterized as an attempt to govern such plans under the guise of state insurance regulation. Similarly, even if the Report could be considered state regulation for purposes of preemption analysis, it too is plainly concerned primarily with the internal business practices of the Company.[1] Thus, we conclude that since Regulation 65 and the Report deal exclusively with insurance, they are within the ERISA insurance savings clause. *See generally* Manno, *ERISA Preemption and Congressional Action,* 52 Temp.L.Q. 51, 57–58 (1979) (state regulation of internal policies of insurance companies that sell to ERISA plans and marketing of policies to such plans clearly not preempted).

Had it so desired, Congress could also have excluded from the insurance savings clause those state laws, such as the Regulation here at issue, which regulate the sale of insurance to plans, insurers who sell to such plans, and/or the terms of policies sold to such plans. Congress did not do so expressly, and nothing in ERISA's legislative history leads us to find such an exemption by implication. We decline the invitation to create an additional exception to the general rule that state insurance laws are excluded from the broad reach of ERISA's preemption. *Cf. Andrus v. Glover Construction Co.,* 446 U.S. 608, 616–17, 100 S.Ct. 1905, 1910–11, 64 L.Ed.2d 548 (1980).

The judgment of the district court is affirmed.

---

1. Appellant's argument on appeal is focused on Section 9 of the Report which is simply a review by the Department of Company practices in the issuance of the relevant policies and an evaluation of their value. Thus, even were Regulation 65 preempted by ERISA, release of the Report would not constitute prohibited state regulation, particularly in view of the fact that the Company has an opportunity to contest the Department's findings at a hearing that has been deferred by stipulation pending this appeal.