**DELTA AIR LINES, INC., Allegheny Airlines, Inc., National Airlines, Inc., Piedmont Aviation, Inc., Braniff Airways, Inc., North Central Airlines, Inc., Southern Airways, Inc., Eastern Air Lines, Inc., Northwest Airlines, Inc., Trans World Airlines, Inc., Ozark Air Lines, Inc., American Airlines, Inc., Pan American World Airways, Inc., and United Air Lines, Inc., Plaintiffs-Apellees-Cross-Appellants,**

v.

**Werner H. KRAMARSKY, Individually and in his capacity as Commissioner of the New York State Division of Human Rights; Ann Thacher Anderson, Individually and in her capacity as General Counsel of the New York State Division of Human Rights; the New York State Division of Human Rights, an agency of the Executive Department of the State of New York; Arthur Cooperman, Individually and in his capacity as Chairman of the New York State Workmen's Compensation Board; and the New York State Workmen's Compensation Board, Defendants-Appellants-Cross-Appellees.**

Nos. 18, 57, Dockets 80–7179, 80–7225.

United States Court of Appeals, Second Circuit.

Originally Argued Sept. 25, 1980.

Decided May 11, 1981.

Petition for Rehearing June 9, 1981.

Decided Nov. 24, 1981.

Remanded from the United States Supreme Court June 24, 1983.

Decided Dec. 27, 1983.

J. Stanley Hawkins, Atlanta, Ga. (Dean Booth, Keith M. Wiener, Seward & Kissell, Atlanta, Ga., on brief), for plaintiffs-appellees-cross-appellants Delta Air Lines, Inc., et al.

Ann Thacher Anderson, Gen. Counsel, State Div. of Human Rights, New York City, for defendants-appellants-cross-appellees Werner H. Kramarsky, et al.

Myrna M. Martinez, Asst. Atty. Gen., New York City (Robert Abrams, Atty. Gen., State of N.Y., Shirley Adelson Siegel, Sol. Gen., Peter Bienstock, Asst. Atty. Gen., Daniel Berger, Deputy Asst. Atty. Gen., New York City, on brief), for defendants-appellants-cross-appellees Arthur Cooperman, et al.

Carol Moschandreas, Washington, D.C. (Leroy D. Clark, Gen. Counsel, Joseph T. Eddins, Associate Gen. Counsel, Lutz Alexander Prager, Washington, D.C., on brief), for E.E.O.C., as amicus curiae.

Before KEARSE and CARDAMONE, Circuit Judges, and TENNEY, District Judge.*

PER CURIAM:

This case involves questions of the extent to which New York's Human Rights Law, N.Y.Exec.Law § 296 (McKinney 1972 & Supp.1980–81) ("HRL"), and its Disability Benefits Law, N.Y.Work.Comp.Law § 205(3) (McKinney Supp.1980–81) ("DBL"), are preempted by § 514(a) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1144(a) (1976) ("ERISA"). On June 24, 1983, the Supreme Court of the United States affirmed in part and vacated in part our judgment on these questions as reflected in our opinions of May 11, 1981, *Delta Air Lines, Inc. v. Kramarsky,* 650 F.2d 1287 (2d Cir.1981) ("*Delta I*"), and November 24, 1981, *Delta Air Lines, Inc. v. Kramarsky,* 666 F.2d 21 (2d Cir.1981) ("*Delta II*"), and remanded the cause to us for further proceedings consistent with its opinion. *Shaw v. Delta Air Lines, Inc.,* —— U.S. ——, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983) ("*Shaw*"). Familiarity with all of the above opinions is assumed.

In *Delta II,* we affirmed the district court's injunction against enforcement of the HRL because we concluded that the HRL was preempted by § 514(a) of ERISA insofar as the HRL required employers who maintained employee disability benefit plans to provide benefits for disability due to pregnancy during the period from December 30, 1976 to April 29, 1979. In *Shaw,* the Supreme Court ruled that the HRL was preempted insofar as it proscribed practices that were lawful under federal law. 103 S.Ct. at 2903–04, 2906. Our conclusion in *Delta II* was consistent with this ruling since, during the period in question, federal law permitted employers not to provide such pregnancy benefits. *See Delta II,* 666 F.2d at 25. Accordingly, we reaffirm so much of our judgment as affirmed the district court's judgment enjoining enforcement of the HRL.

As to New York's DBL, our opinion in *Delta II* left undisturbed our opinion in *Delta I.* In *Delta I* we ruled that the DBL could not be enforced against an employer that provided disability benefits only as part of a complex, multi-benefit plan, 650 F.2d at 1307, but ruled also that "[n]othing

---

* Honorable Charles H. Tenney, Senior Judge of the United States District Court for the South-

ern District of New York, sitting by designation.

in our decision ... forbids the states to require employers to administer disability benefits through a separate 'plan' ...," *id.* n. 29. In *Shaw,* the Supreme Court stated that

> while the State may not require an employer to alter its ERISA plan, it may force the employer to choose between providing disability benefits in a separately administered plan and including the state-mandated benefits in its ERISA plan. If the State is not satisfied that the ERISA plan comports with the requirements of its disability insurance law, it may compel the employer to maintain a separate plan that does comply.
>
> . . . .
>
> ... [T]he Disability Benefits Law is not preempted by ERISA, although New York may not enforce its provisions through regulation of ERISA-covered benefit plans.

103 S.Ct. at 2906. Accordingly, we modify our judgment to make clear that ERISA does not preempt the DBL, although New York may not enforce the DBL through regulation of ERISA-covered benefit plans. New York may require an employer to administer disability benefits through a separate plan that does comply with the DBL.

As noted in *Delta I,* the nature of the plans at issue is not clear from the record in the district court. Accordingly, the judgment of the district court is vacated insofar as it denied plaintiffs' claim for injunctive relief against New York's enforcement of the DBL; to the extent that the plans at issue are covered by ERISA, *see Delta I,* 650 F.2d at 1306–07; *Shaw,* 103 S.Ct. at 2905–06, and New York seeks to regulate those plans, plaintiffs are entitled to relief.

The cause is remanded to the district court for further proceedings consistent with this opinion.