in our decision ... forbids the states to require employers to administer disability benefits through a separate 'plan' ...," *id.* n. 29. In *Shaw,* the Supreme Court stated that

> while the State may not require an employer to alter its ERISA plan, it may force the employer to choose between providing disability benefits in a separately administered plan and including the state-mandated benefits in its ERISA plan. If the State is not satisfied that the ERISA plan comports with the requirements of its disability insurance law, it may compel the employer to maintain a separate plan that does comply.
>
> . . . .
>
> ... [T]he Disability Benefits Law is not preempted by ERISA, although New York may not enforce its provisions through regulation of ERISA-covered benefit plans.

103 S.Ct. at 2906. Accordingly, we modify our judgment to make clear that ERISA does not preempt the DBL, although New York may not enforce the DBL through regulation of ERISA-covered benefit plans. New York may require an employer to administer disability benefits through a separate plan that does comply with the DBL.

As noted in *Delta I,* the nature of the plans at issue is not clear from the record in the district court. Accordingly, the judgment of the district court is vacated insofar as it denied plaintiffs' claim for injunctive relief against New York's enforcement of the DBL; to the extent that the plans at issue are covered by ERISA, *see Delta I,* 650 F.2d at 1306–07; *Shaw,* 103 S.Ct. at 2905–06, and New York seeks to regulate those plans, plaintiffs are entitled to relief.

The cause is remanded to the district court for further proceedings consistent with this opinion.

METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff-Appellee,

v.

Werner H. KRAMARSKY, As Commissioner of the New York State Division of Human Rights, the New York State Division of Human Rights, and the New York State Human Rights Appeal Board, Defendants-Appellants.

No. 19, Docket 80–7185.

United States Court of Appeals, Second Circuit.

Originally Argued Sept. 25, 1980.

Decided May 11, 1981.

Petition for Rehearing June 9, 1981.

Decided Nov. 24, 1981.

Remanded from the United States Supreme Court June 24, 1983.

Decided Dec. 27, 1983.

Ann Thacher Anderson, Gen. Counsel, State Div. of Human Rights, New York City, for defendants-appellants.

Jeffrey A. Mishkin, New York City (Jeffrey D. Fields, Proskauer, Rose, Goetz & Mendelsohn, New York City, on the brief), for plaintiff-appellee.

Before KEARSE and CARDAMONE, Circuit Judges, and TENNEY, District Judge.*

PER CURIAM:

For the reasons stated today in our opinion in *Delta Air Lines, Inc. v. Kramarsky,*

---

* Honorable Charles H. Tenney, Senior Judge of the United States District Court for the South- ern District of New York, sitting by designation.

725 F.2d 146, on remand from the United States Supreme Court, *Shaw v. Delta Air Lines, Inc.,* —— U.S. ——, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), we affirm the judgment of the district court enjoining enforcement of New York's Human Rights Law, N.Y.Exec.Law § 296 (McKinney 1972 & Supp. 1980–81).

**BURROUGHS CORPORATION,**
**Plaintiff-Appellee,**

v.

**Werner H. KRAMARSKY, As Commissioner of the New York State Division of Human Rights, Defendant-Appellant.**

**No. 17, Docket 80–7127.**

United States Court of Appeals,
Second Circuit.

Originally Argued Sept. 25, 1980.

Decided May 11, 1981.

Petition for Rehearing June 9, 1981.

Decided Nov. 24, 1981.

Remanded from the United States
Supreme Court June 24, 1983.

Decided Dec. 27, 1983.

Ann Thacher Anderson, Gen. Counsel, State Div. of Human Rights, New York City, for defendant-appellant.

William E. McKnight, Rochester, N.Y. (Robb M. Jones, Nixon, Hargrave, Devans

& Doyle, Rochester, N.Y., on brief), for plaintiff-appellee.

Before KEARSE and CARDAMONE, Circuit Judges, and TENNEY, District Judge.*

PER CURIAM:

For the reasons stated today in our opinion in *Delta Air Lines, Inc. v. Kramarsky,* 725 F.2d 146, on remand from the United States Supreme Court, *Shaw v. Delta Air Lines, Inc.,* —— U.S. ——, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), we affirm the judgment of the district court enjoining enforcement of New York's Human Rights Law, N.Y.Exec.Law § 296 (McKinney 1972 & Supp.1980–81). For the reasons stated in our original opinion in the present case, 650 F.2d 1308, 1309, plaintiff's claim under 42 U.S.C. § 1983 is remanded for such further consideration as may be appropriate.

**Garrett Brock TRAPNELL,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

**No. 66, Docket 82–2025.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 14, 1983.

Decided Dec. 19, 1983.

---

\* Honorable Charles H. Tenney, Senior Judge of the United States District Court for the Southern District of New York, sitting by designation.