ATTORNEY GENERAL *vs.* THE TRAVELERS INSURANCE
COMPANY & another.[1]

Suffolk.    November 7, 1983. — April 25, 1984.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Insurance,* Health and accident, Mental health, Regulation. *Statute,* Federal
preemption.

Having reconsidered the question in light of the decision of the United States
Supreme Court in *Shaw* v. *Delta Air Lines,* 463 U.S. 85 (1983), this
court again concluded that G. L. c. 175, § 47B, requiring the inclusion
of mental health care benefits in certain policies of insurance, was not
preempted by the Employee Retirement Income Security Act, 29 U.S.C.
§§ 1001 et seq. (1976). [731-735] WILKINS, J., dissenting.

CIVIL ACTION commenced in the Superior Court Department
on June 1, 1979.

Following the decision of the Supreme Court of the United
States reported sub nom. *Travelers Ins. Co.* v. *Massachusetts,*
463 U.S. 1221 (1983), there was a rehearing by the Supreme
Judicial Court.

*Jay Greenfield* of New York (*Peter Buscemi* of New York
with him) for Metropolitan Life Insurance Company.

*Lane McGovern* (*Martha Geer* with him) for The Travelers
Insurance Company.

*Sally A. Kelly,* Assistant Attorney General (*Francis X. Bel-
lotti,* Attorney General, with her) for the Attorney General.

HENNESSEY, C.J. General Laws c. 175, § 47B, specifies
mandatory minimum mental health care coverage under certain
insurance policies.[2] The defendants declined to include such

---

[1] Metropolitan Life Insurance Company.

[2] General Laws c. 175, § 47B, inserted by St. 1973, c. 1174, § 2, provides
in pertinent part: "Any blanket or general policy of insurance . . . or any
policy of accident and sickness insurance . . . *or any employees' health
and welfare fund* which provides hospital expense and surgical expense bene-

coverage in policies issued to welfare benefit plans subject to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 et seq. (1976 & Supp. V 1981). The Attorney General brought this action to compel the defendants to comply with § 47B. The defendants argued that § 47B is preempted by ERISA. A judge of the Superior Court ordered the defendants to comply with § 47B, and we affirmed. 385 Mass. 598 (1982). The defendants appealed to the Supreme Court of the United States. That Court vacated our judgment and remanded for further consideration in light of its intervening decision in *Shaw* v. *Delta Air Lines,* 463 U.S. 85 (1983).

ERISA applies to all employee benefit plans except those specifically exempt under ERISA § 4 (b), 29 U.S.C. § 1003(b) (1976). ERISA explicitly preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan," ERISA § 514 (a), 29 U.S.C. § 1144 (a) (1976), except that it does not "exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." ERISA § 514 (b) (2) (A), 29 U.S.C. § 1144 (b) (2) (A) (1976).[3] In addition, ERISA may not "be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States." ERISA § 514 (d), 29 U.S.C. § 1144 (d) (1976).

In *Shaw,* the plaintiffs sought declarations that two New York State laws are preempted by ERISA in so far as they apply to benefit plans subject to ERISA. One, the Human Rights Law, forbids discrimination in employment on the basis of sex and has been held to prohibit treating pregnancy differently from other nonoccupational disabilities. See *Shaw, supra* at 88-89. The other, the Disability Benefits Law, requires employers to provide the same benefits for pregnancy as for other nonoccupational disabilities. See *id.* at 89-90.

---

fits . . . shall provide benefits for expense . . . arising from mental or nervous conditions . . ." (emphasis supplied).

We treat, as we did in the earlier opinion of this court (385 Mass. 598, 600 [1982]), the language referring to employees' health and welfare funds (emphasized above) as not preempted and as severable.

[3] Other exceptions to ERISA's general preemption clause are not relevant here.

The Supreme Court had "no difficulty" concluding, on the basis of plain language and legislative history, that both laws "relate to" employee benefit plans within the meaning of ERISA § 514 (a), the general preemption provision. *Id.* at 95-100. It rejected the suggestions that the preemption provision could be interpreted "to pre-empt only state laws dealing with the subject matters covered by ERISA — reporting, disclosure, fiduciary responsibility, and the like." *Id.* at 98. In addition, the Court emphasized "Congress' goal of ensuring that employers would not face 'conflicting or inconsistent State and local regulation of employee benefit plans.'" *Id.* at 105, quoting 120 Cong. Rec. 29,933 (1974) (remarks of Senator Williams). It noted the "inefficiency" that would result from requiring interstate employers to conform to differing State requirements. *Shaw, supra* at 105 & n.25.

With respect to the Human Rights Law, the *Shaw* defendants argued that, because State fair employment laws play an integral role in the enforcement of Title VII of the Civil Rights Act of 1964, construing § 514 (a) to preempt the Human Rights Law would impair Federal law and thus violate § 514 (d). The Supreme Court, however, decided that the "minor practical difficulties" for Title VII enforcement "do not represent the kind of 'impairment' or 'modification' of *federal* law that can save a *state* law from pre-emption under § 514(d)" (emphasis in original). *Id.* at 106.

With respect to the Disability Benefits Law, the *Shaw* defendants argued that because plans "'maintained solely for the purpose of complying with applicable . . . disability insurance laws'" are exempt from ERISA coverage under § 4(b)(3), the law could not be preempted by § 514 (a). The Supreme Court decided that "§ 4(b)(3) excludes 'plans,' not portions of plans, from ERISA coverage; those portions of the [plaintiffs'] multi-benefit plans maintained to comply with the Disability Benefits Law, therefore, are not exempt from ERISA and are not subject to state regulation." *Id.* at 106. The Court stated, however, that the State could enforce its law by compelling the employer "to choose between providing disability benefits in a separately

administered plan and including the state-mandated benefits in its ERISA plan." *Id.* at 108.

We conclude that nothing in the *Shaw* opinion requires that we change the result we previously reached in this case. To hold that § 47B is preempted would frustrate a strong State policy of encouraging the prompt and thorough treatment of mental disorders. It may be argued, on the basis of intimations in *Shaw,* that the Supreme Court would reach a different result, but we decline to anticipate such a ruling. We think that nothing in the congressional language or in the language of the Supreme Court requires us to sacrifice our State policy.

The defendants make much of the Supreme Court's characterization of the exceptions to § 514 (a) as "narrow." However, we view this characterization by the Court as dictum.[4] According to § 514 (a), the only exceptions to preemption are those provided for in subsection (b),[5] yet, the Supreme Court did not construe that subsection in *Shaw.* One of the provisions it construed is a narrowly phrased *exemption* from ERISA coverage, not an *exception* to preemption. See ERISA § 4 (b) (3). The other provision, although treated as an exception by the Supreme Court, is not phrased as an exception and would rarely, if ever, function as such. See ERISA § 514 (d).

Unlike the provisions at issue in *Shaw,* the insurance exception to preemption is phrased very broadly: "*nothing* in this subchapter shall be construed to exempt or relieve *any* person from *any* law of any State which regulates insurance . . . " (emphasis supplied). ERISA § 514 (b) (2) (A), 29 U.S.C. § 1144 (b) (2) (A) (1976). We have interpreted this provision to save from preemption only those State laws that do not conflict with the policies or operation of ERISA. See 385 Mass. 607-609. This interpretation is relatively narrow; we rejected the

---

[4] As the defendants pointed out in oral argument, the *Shaw* opinion "went out of its way" to stress the narrowness of the exception clauses.

[5] ERISA § 514 (a) (1976), 29 U.S.C. § 1144 (a) (1976), provides in part: "Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003 (a) of this title and not exempt under section 1003 (b) of this title."

broad interpretation which was accepted in *Wadsworth* v. *Whaland,* 562 F.2d 70, 77-78 (1st Cir. 1977), cert. denied, 435 U.S. 980 (1978), and *Metropolitan Life Ins. Co.* v. *Whaland,* 119 N.H. 894, 902 (1979). That the Supreme Court has rejected a conflict-based analysis as producing too narrow an interpretation of the broadly phrased preemption provision does not imply that it would reject a conflict-based analysis as producing too broad an interpretation of the broadly phrased insurance exception. We adhere to our prior interpretation of the exception.[6]

The *Shaw* opinion does provide support for the defendants' argument that Congress intended to curtail State police power in order to enable interstate employers to maintain uniform plans. The Supreme Court concluded that this was indeed Congress's intent. See 463 U.S. at 98-100, 103-105. This conclusion is based on the key phrase in the legislative history: "conflicting and inconsistent State and local regulation." This phrase is as susceptible of our interpretation — i.e., conflicting and inconsistent with Federal law, see 385 Mass. at 607-608 & n.16 — as of the Supreme Court's interpretation — i.e., conflicting and inconsistent among the States, see 463 U.S. at 104-105 & n.25. Nonetheless, we must accept as authoritative the Supreme Court's interpretation of congressional intent.

Congress's intent to preclude the States from mandating employee benefits does not require that we change the result in this case. "[T]he court cannot read into a statute an intent

---

[6] Our conflict-based interpretation of the exception can be supported under an alternative analysis. We could conclude, as in the *Whaland* cases, that because § 47B regulates insurance it is automatically within the exception and thus removed from the operation of the preemption clause. That conclusion need not end the analysis. Laws that interfere with a congressional scheme of comprehensive regulation are preempted without any need for a preemption clause. See, e.g., *Burbank* v. *Lockheed Air Terminal, Inc.,* 411 U.S. 624 (1973). A law which purported to regulate insurance but interfered with the congressional scheme of regulating the administration of employee benefit plans could be within the exception yet nonetheless preempted. As we noted before, "Section 47B affects only the substantive content of plans — a subject completely untouched by ERISA's regulatory provisions." 385 Mass. at 607.

that is not there expressed in plain words or by necessary implication." *Tilton* v. *Haverhill,* 311 Mass. 572, 578 (1942). See *Bate Refrigerating Co.* v. *Sulzberger,* 157 U.S. 1, 36-37 (1895) (Harlan, J.); *Commonwealth* v. *Gove,* 366 Mass. 351, 354-355 (1974). The intent ascribed to Congress by the Supreme Court is consistent with the broad language of the preemption provision. It is inconsistent, however, with the broad language of the insurance exception. The *Shaw* case did not require the Supreme Court to strain the language of the statute in order to give effect to the legislative intent. But to conclude that a State cannot mandate employee benefits indirectly through its insurance laws would require an unnaturally narrow reading of the phrase "any law . . . which regulates insurance." Mandated coverage is within the States' traditional authority to regulate insurance. "[U]nless Congress conveys its purpose clearly, it will not be deemed to have significantly changed the federal-state balance." *United States* v. *Bass,* 404 U.S. 336, 349 (1971). See *Wadsworth* v. *Whaland, supra* at 78.

Because we treat the reference in § 47B to "any employees' health and welfare fund" as preempted, and the remaining language of the statute as severable (see note 2, *supra*), the statute as we consider it makes no attempt to regulate employee benefit plans directly. Nor is it an attempt to do indirectly what cannot be done directly. The statute applies to health and accident insurance policies, whether issued to employee benefit plans or not. Unquestionably, a large proportion of such policies is unrelated to such plans. Thus the statute is not an attempt to intrude upon the sphere reserved to ERISA, but rather a bona fide regulation of insurance. It is within the spirit, as well as the letter, of the insurance exception to ERISA preemption.

We conclude that the decision in *Shaw* v. *Delta Air Lines,* 463 U.S. 85 (1983), does not require us to change our prior decision that § 47B is not preempted by ERISA.

*Judgment affirmed.*

WILKINS, J. (dissenting). I disagree with the court's conclusion that ERISA does not preempt the mandate of G. L.' c. 175, § 47B, as to minimum mental health care coverage under certain insurance policies. The Supreme Court's unanimous opinion in *Shaw* v. *Delta Air Lines,* 463 U.S. 85 (1983), indicates forcefully that that Court would not grant wide scope to the insurance exception expressed in ERISA § 514 (b) (2) (A). *Id.* at 104. The *Shaw* opinion tells us that exemptions, and, I think, exceptions from preemption are to be read narrowly because a contrary view would destroy the option of a multistate employer to have a uniform ERISA plan and because any special State requirement for a disability plan could be provided as a separate administrative unit. *Id.* at 105-108.

General Laws c. 175, § 47B, is not a law "which regulates insurance" within the meaning of ERISA § 514 (b) (2) (A). As applied to employers, § 47B concerns health benefits that an employer must provide, by insurance or otherwise, if the employer provides any such benefits at all, and as to employee benefits § 47B only incidentally regulates insurance. Section 47B represents precisely that form of local intrusion on ERISA covered benefit plans that ERISA intends to prevent. See *Delta Air Lines, Inc.* v. *Kramarsky,* 725 F.2d 146, 148 (2d Cir. 1983). Congress has adopted an all-inclusive preemption scheme, and it is now clear, in light of the *Shaw* opinion, that it is irrelevant whether State law dictating plan benefits conflicts with the substantive policies of ERISA.