Quinlan, Regina L., J.
The Plaintiffs, Russell Wood, Dorothy Wood and Kellie Smith bring this action against ITT Industries, Jabsco (ITT) alleging negligent failure to warn by ITT (Count I) and against Northside Marine (Northside) for breach of implied warranty of fitness for a particular purpose (Count II). Defendant Northside has filed cross claims against ITT alleging negligence (Count I), contractual indemnification (Count II), common-law indemnification (Count III) and breach of warranty (Count IV).
The defendant ITT has filed a Motion for Summary Judgment as to the claim of the plaintiffs and the cross claims of Northside. ITT asserts that the Federal Board Safety Act of 1971, 46 USC §§4301 et seq. (FBSA) preempts plaintiffs negligent failure to warn claims, that it did not have a duty to warn since plaintiff Russell Wood knew of the potential danger from fumes, the warning on the boat was sufficient as a matter of law, the plaintiff Russell Wood’s failure to perform a smell test was the sole proximate cause of the accident and plaintiffs cannot prove breach of an implied warranty of fitness for a particular purpose.[1] With respect to Northside, ITT asserts that since the plaintiffs do not have a viable claim against ITT, Northside is not entitled to any contribution or indemnification and the plaintiffs cannot prove a breach of implied warranty. Northside has also filed a Motion for Summary Judgment which basically tracts the ITT motion. The plaintiffs have opposed both motions. For the following reasons, ITT and Northside’s motions are ALLOWED in part and DENIED in part.

BACKGROUND

Russell Wood, owner of a 28-foot yacht named “Night Hawk,” purchased a blower for his yacht in the spring of 1998 from Northside Marine located in East Dennis. The blower was a 250 CFM blower, model number 3500-000 manufactured by ITT. Russell Wood installed the blower in his 28-foot yacht sometime in the spring of 1998. He used his boat several times thereafter without experiencing any difficulties with the blower’s operation.
On July 25, 1998, Russell Wood, his wife Dorothy Wood and their step daughter, Kellie Smith set out to go lobstering on the “Night Hawk.” After leaving the boat slip, Russell Wood, the operator of the yacht, went to refuel at Northside Marine where he got approximately 100 gallons of gasoline, 50 gallons in the forward port side fuel tank and 50 gallons in the forward starboard side fuel tank. After refueling, Russell Wood started the starboard engine successfully. However, the port side engine failed to start. In an effort to start the port side engine, Russell Wood opened up the throttle to the engine. When he did so, *619 the boat exploded. An investigation was conducted after the explosion by Kufta Associates. Kufta determined that the explosion occurred as a result of the ignition of a build up of gasoline vapors in the engine compartment of the vessel.
The Woods, ITT and Northside agree that the warning label affixed to the boat for the ventilation fuel system (blower) complied with the requirements of the Federal Boat and Safety Act. (FBSA). The warning label read:
WARNING gasoline vapors can explode. Before starting engine, operate blower for 4 minutes and check engine compartment bilge for gasoline vapors. Run blower below cruising speed. Failure to do so may result in injury or death.
The company name noted on the warning label was ITT with an identification number of 49003-0418.

DISCUSSION

The first issue raised by ITT is that of preemption, i.e. does the FBSA preempt the plaintiffs’ claim of a negligent failure to warn in Count I. “ ‘Preemption . . . is not favored, and State laws should be upheld unless a conflict with Federal law is clear.’ Attorney Gen. v. Travelers Ins. Co., 385 Mass. 598, 602 (1982), vacated, 463 U.S. 1221 (1983), reaff'd, 391 Mass. 730 (1984), aff'd sub nom. Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724 (1985). The burden is on the party seeking to displace the State action to show preemption with hard evidence of conflict based on the record.’ Commonwealth Elec. Co. v. Department of Pub. Utils., 397 Mass. 361, 376 (1986), cert. denied, 481 U.S. 1036 (1987).”
Federal law may preempt state law by enacting a federal law which expressly defines the scope of intended preemption of state law or where state law conflicts with federal law governing the same subject matter. Sawash v. Suburban Welders Supply Co., Inc., 407 Mass. 311, 315-16 (1990). “Such a conflict arises when compliance with both state and federal law is impossible, or when the state law ‘stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.’ ” Id. (Citations omitted.) See also Heinricher v. Volvo Car Corp., 61 Mass.App.Ct. 313, 316 further appellate review denied 448 Mass. 1108 (2004). FBSA expressly provides both for preemption under 46 USC §4306 which expressly provides in pertinent part:
Unless permitted by the Secretary under section 4305 of this title [46 USC §4305], a State or political subdivision of a State may not establish, continue in effect, or enforce a law or regulation establishing a performance or safety standard that is not identical to the Federal standard . . . This is to provide uniform standards without the imposition of excessive special requirements by individual States.
The scope of preemption under FBSA was addressed by the Supreme Court in Sprietsma v. Mercury Marine, 537 U.S. 51 (2002). The Court noted that FBSA was enacted to improve safe operation of recreational boats and to authorize establishing national safety standards. The issue under consideration in Sprietsma related to a claim for negligent failure to install a propeller guard. In holding there was no preemption, the Court relied upon §4311(g) which provides:
Compliance with this chapter [46 USC §§4301 et seq.] or standards, or regulations, or orders prescribed under this chapter [46 USC §§4301 et seq.] does not relieve a person from liability from common law or under State law.
The Court held that the common-law negligence claims were not preempted by the FBSA because there was no regulation adopted under the FBSA which mandated or otherwise regulated the installation of propeller guards on recreation vessels. Thus, there was no conflict between FBSA and the negligence claim.
46 USC §4302 authorizes the Secretary of Transportation to issue regulations establishing “minimum safety standards for recreational vessels and associated equipment.” This authority is delegated by the Secretary to the Coast Guard. See 49 CFR §1,46(n)(l). The Coast Guard has adopted regulations relating to ventilation equipment on recreational boats, including a regulation requiring that a specific warning be given. 33 CFR 183.610(f) which provides:
Each boat required to have an exhaust blower must have a label that
(1) Is located as close as practicable to each ignition switch;
(2) Is in plain view of the operator; and
(3) has at least the following information:
WARNING-GASOLINE VAPORS CAN EXPLODE. BEFORE STARTING ENGINE OPERATE BLOWER FOR 4 MINUTES AND CHECK ENGINE COMPARTMENT BILGE FOR GASOLINE VAPORS.
The warning label for the blower the plaintiff Russell Wood purchased and installed in the Night Hawk stated:
WARNING gasoline vapors can explode. Before starting engine, operate blower for 4 minutes and check engine compartment bilge for gasoline vapors. Run blower below cruising speed. Failure to do so may result in injury or death.
“State law is not preempted merely by reference to some vaguely defined Federal policy, or on the ground that Congress has enacted a statute which is tangentially relevant to the subject at issue. Sawash v. Suburban Welders Supply Co., Inc., 407 Mass. 311, 315 (1990) quoting Arthur D. Little, Inc. v. Commissioner of Health & Hosps. of Cambridge, 395 Mass. 535, 545 (1985). In Sprietsma, the Supreme Court construed the terms ’’law or regulation" when used together in §4306 to indicate that Congress only in *620 tended to pre-empt “positive enactments.” SPRIETSMA, supra at 526. The Court cautioned, however, “if a state common law claim directly conflicted with a federal regulation promulgated under the Act, or if it were impossible to comply with any such regulation without incurring liability under state common law, pre-emption would occur.” Id. at 65. In an analogous situation, the Second Circuit considered the appeal from dismissal of an action relating to a can of primer the vapors from which had been ignited and caused a flash fire injuring the plaintiff. The primer was a hazardous substance for the purposes of the Federal Hazardous Substances Act, 15 USC §1261 which included in §1261(p) express labeling requirements. The label on the can of primer complied with the requirements of the Act. The Court of Appeals held that claims for breach of warranty, products liability and negligence which sought to impose liability for failure to adequately warn of the hazards of the primer were preempted by the Act. Milanese v. Rust-Oleum Corp., 244 F.3d 104 (2d Cir., 2001). See also CSX Transportation, Inc. v. Eastwood, 507 U.S. 658 (1993) [preemption of common-law claims by the Federal Railroad Safety Act]; Cortez v. MTD Products, Inc., 927 F.Sup. 386 (D.C.CA 1996) [labeling requirements preempted under the Consumer Product Safety Act].
In Massachusetts, the Supreme Judicial Court has assumed that “a tort action has the same regulatory effect as a State law and therefore that it can be preempted in the same manner and to the same degree as a State law.” Sawash v. Suburban Welders Supply Co., Inc., 407 Mass. at 315. See also Heinricher v. Volvo Car Corp., 61 Mass.App.Ct. 313, 316, further appellate review denied, 448 Mass. 1108 (2004). In this case, the warning on the blower included all of the information required by 33 CFR §183.610(f) and more. Since the Coast Guard has adopted regulations defining the warnings required, imposing liability where a label complies with the FBSA effectively establishes a more stringent standard which would conflict with the regulation adopted pursuant to the FBSA and the purpose to establish national standards. The regulations preempt any common-law claims for negligent failure to warn with respect to the contents of the actual warning. It appears from the plaintiffs’ opposition that the failure to warn claim relates to the content of the warning rather than to its size or placement. The content of the warning complied with the requirements of FBSA regulation §183.610(f).
Count II of the Complaint asserts claims for breach of the implied warranty of fitness for a particular purpose. “An implied warranty of fitness for a particular purpose exists where the [manufacturer and/or] seller has reason to know of any particular purpose for which the goods are required and where the buyer is relying on the seller’s skill or judgment to select suitable goods.” Fernandes v. Union Bookbinding Co., 400 Mass. 27, 33-36 (1987). The issues raised with respect to this claim cannot be resolved on summary judgment since there are genuine issues of material fact. Except as to any claim relating to the sufficiency of the warning on the blower, there are genuine issues of material fact precluding summary judgment.

ORDER

For the foregoing reasons, the court ORDERS that the motions of the defendant ITT Industries, Jabsco (ITT) and Northside Marine (Northside) for Summary Judgment are ALLOWED IN PART with respect to Count I and so much of Count II as relates to a claim of failure to adequately warn. In all other respects, the motions are DENIED.

 It is noted that it is unclear from the complaint whether the count for breach of implied warranty is brought against both defendants. The court assumes, as did ITT, that it is intended to be against both defendants.